# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ERIC SELIO,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 18cr4931-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 72, 79]** |

Eric Selio pled guilty in 2018 to importing methamphetamine. The Court imposed a total custodial sentence of 70 months, followed by 3 years of supervised release. Selio has served about 26 months of his sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on February 4, 2024.

Selio has moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to reduce his sentence to time served because he suffers from angina pectoris, ventricular arrhythmia, and hypertension. The Government does not oppose Selio's motion, agreeing generically that heart conditions increase the chance of infection and serious illness from COVID-19. Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and

compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

The Court credits Selio's unopposed contention that his medical issues place him at high risk for COVID-19. However, bare allegations of medical condition alone are not sufficient to constitute the requisite "extraordinary and compelling circumstances" or to warrant early release under 3582(c)(1)(A). Significantly, Selio does not allege, nor has he made any showing, that the Bureau of Prisons has been unable to sufficiently treat his medical conditions or that his removal from federal custody will accelerate his access to a COVID-19 vaccination. Nor has Selio shown that the Lompoc USP is unable to adequately safeguard his health and safety during the remainder of his sentence. To the contrary, medical records from the facility establish Selio's medical condition has been properly managed by the BOP. These circumstances certainly mitigate the claimed risk that Selio will suffer COVID infection and illness.

Standing alone, Selio's medical condition doesn't qualify as an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Williams*, No. 2:13-cr-383 TLN, 2020 WL 3402439 at *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).) But in all events, the Court finds the § 3553(a) factors continue to support the original sentence. Selio's offense – importing almost 96 pounds of methamphetamine – was unquestionably serious. He admitted in his post arrest statement that this was the third international drug smuggling venture. (ECF 51 p. 4.) Both factors weigh heavily against early release and, the Court finds, predominate over considerations of his medical condition. The Court also concludes that

considerations of specific deterrence under § 3553(a)(2)(B) and protecting the public under § 3553(a)(2)(C) support leaving Selio's original sentence undisturbed.

Selio has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 20, 2021

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge